IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JOSEPH COLE BARLETA | : | |
| v. | : | CIVIL NO. 23-23422 |
| BETTINA SCHEIN, ESQ. | : | |
| _____/ | | |

### DEFENDANT'S RENEWED MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AS COUNSEL OF RECORD

Defendant, Bettina Schein, Esq., pursuant to the Federal Rules of Civil Procedure, Rule 7(b), and pursuant to, 1) the Local Rules of the United States District Court for the Southern District of Florida, the Rules Governing the Admission, Practice, Peer Review and Discipline of Attorneys, Rule 4(B) Appearance Pro Hoc Vice, 2) Chapter 4, Rules Regulating The Florida Bar, Rules of Professional Conduct, 3) Rule 1-1.5. Fees and Costs for Legal Services, 4) Rule 4-1.7. Conflict of Interest; Current Clients, 5) Rule 4-1.9 Conflict of Interest; Former Client, 6) Rule 4-1.10. Imputation of Conflicts of Interest; General Rule;  7) Rule 4-1.16. Declining or Terminating Representation; 8) Rule 4-3.7 Lawyer as Witness; and, 9) Rule 4-5.5. Unlicensed Practice of Law; Multijurisdictional Practice of Law, and files this Renewed Motion to Disqualify Plaintiff's Counsel Andre G. Raikhelson, Esq., (renewing Dkt. 55, together with the Reply, Dkt. 61, and see prior Order at Dkt. 63) from representing Plaintiff in this action, and states:

## I.  INTRODUCTION

Plaintiff's counsel here, Mr. Andre G. Raikhelson, Esq., served as paid "local counsel", co-counsel and sponsor to Defendant, Bettina Schein, Esq., in the SEC action below, brought in the Southern District of Florida, in Case No. 9:20-cv-81205-RAR, the case from which all of Plaintiff's alleged "damages" arise in this legal malpractice action against Bettina Schein.[1]  Mr. Raikhelson, when serving as co-counsel, "local counsel" and sponsor below, entered into the attached retainer agreement with Bettina Schein, Esq. and filed a Motion to Appear *Pro Hac Vice* requesting the Court permit Ms. Schein to appear as counsel for Mr. Joseph Cole Barleta in the SEC action.[2]  Mr. Raikhelson, (in conformity with Exhibit "A") specifically alleges that *he* Andre G. Raikhelson, Esq., *was responsible* for the actions of Pro Hac Vice counsel pursuant to the Local Rules.[3]  Mr. Raikhelson alleges that Mr. Barleta, "relied on the advice of his counsel, now to his detriment" however, Plaintiff admittedly had *two* attorneys in the SEC action, one of whom is now representing Mr. Barleta's in this case, against his own former co-counsel.[4]

Mr. Raikhelson has unique personal knowledge as a fact witness here, due to his personal involvement in the defense of the SEC action and specifically in its

---

[1] See Exhibit "A", the retainer and fee agreement between "local counsel" Andre G. Raikhelson, Esq., and Pro Hac Vice counsel Bettina Schein, Esq. and Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing. See SEC Action, Dkt. 135.
[2] See Dkt. 19, Second Amended Complaint, Paragraph 2.
[3] See Dkt. 19, Second Amended Complaint, Paragraphs 24-27.  See also Exhibit "A".
[4] See Dkt. 19, Second Amended Complaint, Paragraph 35.

determination of damages, which includes his personal attendance at every hearing, every status conference, and every evidentiary hearing, except one (the disgorgement hearing), and his appeal. His personal knowledge and involvement includes his personal review of all of the files, and everything submitted into the joint defense drop link, including FBI tapes and reports.  He personally reviewed the joint defense submission on damages to be used at the disgorgement hearing, which was created at a time when he and Ms. Schein were co-counsel, and he made no changes to same.

During the litigation, and four months before Ms. Schein withdrew, Mr. Raikhelson entered into a direct retainer agreement with Joseph Cole Barleta, and agreed to represent him in a discovery dispute and opposition to a motion to compel financial documents in the SEC matter.  This was an agreed-to allocation of responsibilities to the shared client, during the joint representation.  Mr. Raikhelson spoke directly with both Joseph Cole Barleta and Ms. Schein on a strategy conference at some point during this time. Mr. Raikhelson took the financial document and disclosure issue through appeal, as sole appellate counsel, again while Ms. Schein was still counsel of record in the SEC action.

About four months after Mr. Raikhelson had accepted responsibility for handling the financial data discovery dispute, Ms. Schein withdrew from the joint representation pursuant to Court Order, confirming that she had no further

responsibility in that case.⁵ The disgorgement hearing had been set with approximately two months advance notice. The joint defense submission had been prepared and filed during the co-counsel relationship. Only Mr. Raikhelson remained as counsel of record for Mr. Barleta, when the evidentiary hearing on disgorgement was held on September 14, 2022.⁶ Mr. Barleta had unique basis and arguments he wanted to be presented on his behalf, specifically to seek reductions in his disgorgement due to taxes and payroll issues, which he wanted to be addressed at the disgorgement hearing.

Despite Mr. Barleta's own personal appearance at that hearing, which provided Zoom/Remote accommodations, Mr. Barleta's then sole counsel of record, Mr. Raikhelson advised other counsel that <u>he decided that he would not be appearing at the disgorgement hearing</u>, and asked that they advise the Court that he would 'rest' on the response filed for the joint defendants, Mr. Raikhelson chose not to file anything further, did not present any evidence or argument, and did not appear at the specially-set disgorgement evidentiary hearing for his client.⁷ It was at this disgorgement determination hearing, that Mr. Raikhelson chose not to attend, that all of Mr. Barleta's alleged "damages" claimed in this case, and all deductions to those

---

⁵ See SEC Action, Dkt. 1394, September 6, 2022 Order approving substitution of counsel, recognizing that Andre G. Raikhelson, Esq. represented Mr. Barleta alone, and relieving counselor Shein of all further responsibility in the matter.
⁶ See Exhibit "B".
⁷ See Exhibit "C", SEC Action, Dkt. 1419 note of filed transcript, with pages 4-5 of that transcript attached.

damages, were determined.[8]

However, that was not the end of the damages determination. Mr. Barleta, through Mr. Raikhelson, appealed the disgorgement determination, again seeking specific reductions in the disgorgement in the SEC case, which are the damages sought against Bettina Schein in this case. However, Mr. Raikhelson failed to raise multiple recognized basis to setting aside a consent decree, including a lack of consent by Mr. Barleta, which is one of the allegations in this case (that Mr. Barleta did not understand, accept, and consent to all conditions laid out in the Consent Decree, including the entry of judgment).

For these reasons, the amount of disgorgement in the SEC case, which has been transformed into the amount of damages being sought from Ms. Schein in this case, were briefed at a time when Mr. Raikhelson and Ms. Shein were co-counsel, but were determined at a time when Mr. Raikhelson was sole counsel of record, and had the last and best opportunities to secure reductions in the damage amounts, including through appeal, and failed to do so. It is Mr. Raikhelson's personal failures that transform him into not only a fact witness, but also a Fabre' Defendant in this case.

For these reasons, which are unique to the undisputed facts this action, and extremely unusual by and between co-counsel of record who shared in a co-counsel, local counsel and sponsorship Pro Hac Vice relationship, including a joint-defense agreement throughout their representation of their shared client, Mr. Raikhelson

---

[8] See Dkt. 19, Second Amended Complaint, Paragraphs 18-19.

should be disqualified as counsel of record for Plaintiff.

II.     **MEMORANDUM OF LAW**

    A.     **Disqualification of counsel**

The burden of proving the grounds for disqualification is on the party moving to disqualify. *Great Am. Ins. Co. v. Gen. Contractors & Constr. Mgmt., Inc.,* No. 07–21489–CIV, 2008 WL 1994857 * 1 (S.D.Fla. May 6, 2008) (*citing In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir.2003) (*citations omitted*)). Motions involving the disqualification of counsel must be determined according to the standards imposed by the Florida Rules of Professional Conduct. *Shaw v. Cassel*, No. 11–23689–CIV, 2012 WL 315050, at *2 (S.D.Fla. Feb.1, 2012) (*citing Morse v. Clark*, 890 So.2d 496, 497 (Fla. 5th DCA 2004)). Disqualification of counsel is an extraordinary remedy, and such motions are generally viewed with skepticism because they are often made for tactical purposes. *Id.* (*citing Yang Enters., Inc. v. Georgalis*, 988 So.2d 1180, 1183 (Fla. 1st DCA 2008) (internal quotation marks, brackets and citations omitted). Under Florida law, certiorari is available to review an order disqualifying counsel because it "den[ies] a party counsel of its choice, a material injury without remedy on appeal." *Gonzalez v. Chillura*, 892 So.2d 1075, 1076–77 (Fla. 2d DCA 2004); *Etkin & Co., Inc. v. SBD LLC*, 11-21321-CIV, 2012 WL 5398966, at *2 (S.D. Fla. Nov. 5, 2012).

    B.     **Bettina Schein has Article III standing to pursue this Motion to Disqualify Counsel Andre Raikhelson, as counsel for Plaintiff.**

"Article III standing ... 'is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.' " *United*

6

*States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (en banc) (*citation omitted*). If there is no Article III standing, the Court lacks subject matter jurisdiction to adjudicate the claim.

*Kleiman v. Wright*, 662 F. Supp. 3d 1247, 1253 (S.D. Fla. 2023), *appeal dismissed,* No. 23-11318, 2023 WL 4259341 (11th Cir. June 29, 2023).

> "This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." ... The standing requirement " 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.' Standing asks, in short, whether a particular plaintiff even has the requisite stake in the litigation to invoke the federal 'judicial Power' in the first place." ...
> The party invoking the jurisdiction of a federal court bears the burden of establishing the three elements of standing. ... There must be an injury-in-fact (an invasion of an interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgement will redress the plaintiff's injury. ... "[A] plaintiff must demonstrate standing for each claim he seeks to press [and] 'for each form of relief' that is sought." ... Therefore, a party moving to disqualify opposing counsel bears the burden of proving Article III standing.
>
> * * *
>
> ... a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." ... In the disqualification context, "[a] party who is not a [current or] former client of opposing counsel nevertheless has standing to raise the issue of opposing counsel's conflict of interest if there is 'a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice.' " ... "A party has standing to seek disqualification "where the rights of [that] party may be compromised by representation in which opposing counsel is engaged ... regardless of whether the party is a client or former client of the attorney or firm whose representation the party challenges.".

*Kleiman v. Wright*, 662 F. Supp. 3d 1247, 1253–54 (S.D. Fla. 2023), appeal dismissed, No. 23-11318, 2023 WL 4259341 (11th Cir. June 29, 2023)(*internal citations omitted*).

Here, Bettina Schein is being accused of causing Joseph Cole Barleta's damages, namely, the amount that he was required to pay as disgorgement and civil penalties in the SEC action below. That is the 'injury in fact' which is concrete and has been realized by the final determinations of the SEC matter. The damages amount was set by the SEC court, at a time when only Mr. Raikhelson was counsel of record for Joseph Cole Barleta. Mr. Raikhelson chose not to attend the disgorgement evidentiary hearing, or to file anything unique to his client for use at the hearing. When Mr. Raikhelson appealed the damages determination, he did so without raising any recognized basis for setting aside the consent decree.

Bettina Schein's rights have been directly compromised by the actions and inactions of Mr. Raikhelson in his representation of their mutual client, and so she has a personal stake in the defense of these claims which arise in part from Mr. Raikhelson's acts and omissions. The damages are being sought against her personally, and so she has a personal stake in this action. She therefore meets all of the requirements for Article III standing, to bring this motion to disqualify.

**C.   Andre G. Raikhelson, Esq.'s Role is Defined by the Local Rules of the United States District Court for the Southern District of Florida, the Rules Governing the Admission, Practice, Peer Review and Discipline of Attorneys, Rule 4(B) Appearance Pro Hoc Vice.**

**RULE 4. APPEARANCES, states in pertinent part:**

**\* \* \***

**(b) Appearance Pro Hac Vice.**
**(1) An attorney who is a member in good standing of the bar of any United States Court or of the highest Court of any State or Territory**

8

> **or Insular Possession of the United States but is not admitted to practice in the Southern District of Florida may, upon submission of a pro hac vice motion filed and <u>served by co-counsel admitted to practice in this District</u>, be permitted to appear and participate in a particular case. ...**
> **\* \* \***
> **(3) A pro hac vice motion shall conform to the form provided for these purposes on the Court's website <u>and designate at least one member of the bar of this Court</u> who is authorized to file through the Court's electronic filing system, <u>with whom the Court and opposing counsel may readily communicate regarding the conduct of the case</u>, upon whom filings shall be served, and who shall be required to electronically file and serve all documents and things that may be filed and served electronically, and who shall be responsible for filing and serving documents in compliance with the CM/ECF Administrative Procedures. See Section 2B of the CM/ECF Administrative Procedures. The pro hac vice motion <u>must be accompanied by a written statement consenting to the designation</u>, and the address and telephone number of the named designee(s). Upon written motion and for good cause shown the Court may waive or modify the requirements of such designation.**
> **(4) An attorney admitted pro hac vice for one or more parties may appear on behalf of additional parties in the same case by filing a Notice of Appearance Pro Hac Vice. No additional appearance fee is required. The Notice must state that all information provided in support of the initial pro hac vice motion remains current and correct, <u>including the sponsoring co-counsel</u>. If any such information has changed since the filing of the initial pro hac vice motion, the attorney may not use the notice procedure set forth herein and must instead repeat the process described in paragraphs (1) and (3) above.**
> **\* \* \***
> **(*emphasis added*).**

Bettina Schein, Esq. appeared through the Local Rule 4(B) process. The Rule clearly recognizes Mr. Raikhelson, as both her "sponsor" and "co-counsel" and he has referred to himself as "local counsel" who sponsored her in the underlying case.[9]

---

[9] See Dkt. 19, the Second Amended Complaint, Paragraphs 24, 27, etc.

Thus, under the Rule employed by Mr. Raikhelson, Esq., he and Bettina Schein, Esq. were co-counsel for Mr. Barleta's in the SEC action below. Mr. Barleta is therefore a former client of Bettina Schein, Esq., and a current client of Mr. Raikhelson, Esq. These relationships trigger multiple Rules as discussed below.

**D.   Andre G. Raikhelson, Esq., has Violated not only the appearance of professional impropriety here, but also has directly violated numerous Rules preventing his acceptance of representation of Mr. Barleta's in this matter.**

The applicable Rules are as follows:

The Preamble to the Rules Regulating The Florida Bar, Chapter 4, Rules of Professional Conduct, states in part:

**\* \* \***

**The rules presuppose a larger legal context shaping the lawyer's role. That context includes court rules and statutes relating to matters of licensure, laws defining specific obligations of lawyers, and substantive and procedural law in general. Compliance with the rules, as with all law in an open society, depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peer and public opinion, and finally, when necessary, upon enforcement through disciplinary proceedings. The rules do not, however, exhaust the moral and ethical considerations that should inform a lawyer, for no worthwhile human activity can be completely defined by legal rules. The rules simply provide a framework for the ethical practice of law. The comments are sometimes used to alert lawyers to their responsibilities under other law.**

**Chapter 4, Rules Regulating The Florida Bar, Rules of Professional Conduct**

**<u>Rule 1-1.5.  Fees and Costs for Legal Services</u>**

**Comment to the Rule states in part:**

> **In determining <u>if a co-counsel relationship exists</u>, the court should look to see if the lawyers have established <u>a special partnership agreement</u> for the purpose <u>of the specific case or matter</u>. If such an agreement does exist, it must provide for <u>a sharing of services or responsibility</u> and the fee division is based upon a division of the services to be rendered or the responsibility assumed. <u>It is contemplated that a co-counsel situation would exist where a division of responsibility is based on, but not limited to</u>, the following: (a) based upon geographic considerations, the lawyers agree to divide the legal work, responsibility, and representation in a convenient fashion (such a situation would occur when different aspects of a case must be handled in different locations); (b) <u>where the lawyers agree to divide the legal work and representation based on their particular expertise</u> in the substantive areas of law involved in the litigation; or (c) <u>where the lawyers agree to divide the legal work and representation along established lines of division, such as liability and damages, causation and damages, or other similar factors</u>.**
> **(*emphasis added*).**

It is undisputed that a co-counsel relationship existed here. Mr. Raikhelson and Bettina Schein agreed to divide the work as co-counsel, such that Mr. Raikhelson would handle the financial data dispute and opposition to the motion to compel Joseph Cole Barleta's financial data, through appeal of that issue, and then Mr. Raikhelson was sole counsel for Joseph Cole Barleta at the time of the disgorgement hearing, setting the final damages in the SEC case, and through the appeal, resulting in the final fixing of the damages amount being sought in this case.

> **<u>Rule 4-1.7. Conflict of Interest; Current Clients</u>**
>
> **(a) Representing Adverse Interests. Except as provided in subdivision (b), <u>a lawyer must not represent a client if</u>:**
> **(1) the representation of 1 client will be directly adverse to another client; or**
> **(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by <u>the lawyer's responsibilities to</u> another client, a former client or <u>a third person or by a personal interest of the lawyer</u>.**

11

\* \* \*

Notes of decisions include the following citation,

> **Disqualification in civil proceedings**
> **Employer against whom action was brought by family members of employee, who were injured in automobile accident while riding with employee in employer's vehicle, <u>had standing to seek disqualification of law firm</u> which represented family members where firm was had initially brought action on behalf of employee as well as family members but had advised employee it could no longer represent employee, and firm <u>after retaining co-counsel filed amended complaint which named employee as defendant</u>, even though employee had consented to continued representation of family members.** *Zarco Supply Co. v. Bonnell,* **App. 1 Dist., 658 So.2d 151 (1995), rehearing denied.**
> (*emphasis added*).

Here, Mr. Raikhelson's known responsibilities to a 'third person', i.e.: his former co-counsel, the attorney that he sponsored to appear Pro Hac Vice, and the shared legal responsibilities they had to Mr. Barleta's, warrant his disqualification in this action.

> **<u>Rule 4-1.10. Imputation of Conflicts of Interest; General Rule</u>**
>
> **(a) Imputed Disqualification of All Lawyers in Firm. While lawyers are associated in a firm, <u>none of them may knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9</u> except as provided elsewhere in this rule, or <u>unless the prohibition is based on a personal interest of the prohibited lawyer</u> and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.**
> \* \* \*
> **(c) Representing Interests Adverse to Clients of <u>Formerly Associated Lawyer</u>. When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person <u>with interests materially adverse to those of a client</u> represented by the formerly associated lawyer unless:**

**(1) <u>the matter is the same or substantially related</u> to that in which the formerly associated lawyer represented the client; and**
**(2) <u>any lawyer remaining in the firm has information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.</u>**
**(d) Waiver of Conflict. A disqualification prescribed by this rule may be waived by the affected client under the conditions stated in rule 4-1.7.**
**(e) Government Lawyers. The disqualification of lawyers associated in a firm with former or current government lawyers is governed by rule 4-1.11.**
**(*emphasis added*).**

As noted herein, Mr. Raikhelson, activities as co-counsel, local counsel and sponsor of Bettina Schein, Esq. in the underlying SEC action, giving rise to certain duties and obligations by and between them as co-counsel to one another, and owed jointly to Mr. Barleta, in addition to Mr. Raikhelson's personal participation as sole counsel of record to Plaintiff Mr. Barleta's at critical times in the SEC action, (including choosing not to attend the evidentiary hearing on disgorgement and damages) clearly present not only the appearance of impropriety and conflicts of interests to a third person (Bettina Schein) but also to Plaintiff Mr. Barleta, where Mr. Raikhelson, is a named Fabre Defendant in this case, and his unique and personal knowledge gained during the co-counsel relationship is central to the elements Mr. Barleta must prove to win his case, and which Bettina Schein must prove to support her defenses. For these reasons, Mr. Raikhelson is disqualified from acting as counsel of record under the Rules.

**Rule 4-1.16. Declining or Terminating Representation**

**(a) <u>When Lawyer Must Decline or Terminate Representation</u>.**

13

> Except as stated in subdivision (c), <u>a lawyer shall not represent a client or</u>, where representation has commenced, <u>shall withdraw</u> from the representation of a client <u>if</u>:
>     (1) <u>the representation will result in violation of the Rules of Professional Conduct or law</u>;
> * * *
> **(b) When Withdrawal Is Allowed.** Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:
> * * *
>     (5) <u>other good cause for withdrawal exists</u>.
> * * *
> (***emphasis added***).

Mr. Raikhelson's activities as co-counsel, local counsel and sponsor of Bettina Schein, Esq. in the underlying SEC action, giving rise to certain duties and obligations by and between them as co-counsel to one another, and owed jointly to Mr. Barleta, in addition to Mr. Raikhelson's personal participation as sole counsel of record to Plaintiff Mr. Barleta's at critical times in the SEC action, (including choosing not to attend the evidentiary hearing on disgorgement and damages) clearly present a situation where conflicts of interest prevent Andre Raikhelson from acting as counsel of record in this case.

**Rule 4-3.7 Lawyer as Witness**

> **(a) When Lawyer May Testify.** <u>A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client</u> unless:
>     (1) <u>the testimony relates to an uncontested issue</u>;
>     (2) <u>the testimony will relate solely to a matter of formality</u> and there is <u>no reason to believe</u> that <u>substantial evidence will be offered in opposition to the testimony</u>;
>     (3) <u>the testimony relates to the nature and value of legal services rendered in the case</u>; or
>     (4) <u>disqualification of the lawyer would work substantial hardship</u>

**on the client.**
**\* \* \***
**(*emphasis added*).**

The Comments to the Rule state in part,

**\* \* \***
**Similarly, a lawyer who might be permitted to simultaneously serve as an advocate and a witness by subdivision (a)(3) might be precluded from doing so by rule 4-1.9. <u>The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party</u>.**
*(emphasis added).*

Mr. Raikhelson is not only a fact witness in this case, but also a Fabre' Defendant, due to his personal involvement in the fixing of damages against his client in the SEC action, and through appeal, which are now the same damages being sought against his former co-counsel, Bettina Schein. Mr. Raikhelson has personal, unique, factual knowledge that no one else will have, and is alleged to have direct culpability for the damages assessed in the SEC action, which is why he not only a fact witness, but is also a named Fabre' Defendant here.

**Rule 4-5.5.   Unlicensed Practice of Law; Multijurisdictional Practice of Law.**

**\* \* \***
**(c) Authorized Temporary Practice by Lawyer Admitted in Another United States Jurisdiction. A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted under this rule, <u>may provide legal services on a temporary basis in Florida that are</u>:**

15

**(1) <u>undertaken in association with a lawyer who is admitted to practice in Florida</u> and <u>who actively participates in the matter</u>; <u>or</u>
(2) in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer is authorized by law or order to appear in the proceeding or reasonably expects to be so authorized; <u>or</u>
(3) in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, <u>the services are not services for which the forum requires pro hac vice admission</u>, and the services:
(A) are performed for a client who resides in or has an office in the lawyer's home state; or
\* \* \*
(**emphasis added**).**

As Exhibit "A" makes clear, the retention of Defendant Bettina Schein, Esq. was pursuant to the Pro Hac Vice Rules, Motion and Order, with Plaintiff's counsel Mr. Raikhelson, acting as "local counsel" and co-counsel in accordance with the agreement, which falls under 4-5.5(c)(1). He fully participated in the SEC action, including handling allocated duties involving the motion to compel financial data through appeal, as sole counsel of record for Mr. Barleta, the SEC disgorgement hearing and the fixing of damages through appeal.

### III.   CONCLUSION

As the unique facts of this case, when applied to the above-cited Rules, make clear, there is not only an appearance of a conflict of interests and impropriety preventing Mr. Raikhelson from acting as Mr. Barleta's counsel and pursuing his former co-counsel in this case, but Mr. Raikhelson is a fact witness, and a named Fabre' Defendant in this case, and therefore a Party, with unique knowledge about his

16

own involvement in the fixing of damages in the SEC action through appeal, which are the same damages being sought against Bettina Schein.

WHEREFORE, Defendant, Bettina Schein, Esq., respectfully requests that this Court enter an Order granting her Motion to Disqualify Andre G. Raikhelson, Esq. as counsel of record for Plaintiff Joseph Cole Barletta, and for such other and further relief as the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE
### PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has conferred with Andre G. Raikhelson, Esq., counsel for Plaintiff, and is authorized to represent that the Plaintiff objects to the relief sought as set forth in this Motion.

Dated: September 30, 2025

                Respectfully submitted,

                MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

                */s/ Crystal L. Arocha, Esq.*
                Bruce R. Calderon
                Florida Bar No. 50448
                Alicia Z. Gross
                Florida Bar No. 103210
                Crystal L. Arocha
                Florida Bar No. 749281
                Michael J. Lynott
                Florida Bar No. 947120
                *Attorneys for Defendant, Bettina Schein d/b/a Law Offices of Bettina Schein*

1900 NW Corporate Blvd.- Suite 440E
Boca Raton, Florida 33431
Telephone: (561) 994-7310
Facsimile: (561) 994-7313
Email: bcalderon@milbermakris.com
Email: azgross@milbermakris.com
Email: mlynott@milbermakris.com
Email: carocha@milbermakris.com

## ATTORNEY CERTIFICATION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Sept. 30, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following attorney of record:

Andre G. Raikhelson, Esq.

This 30th day of Sept., 2024.

/s/ Crystal L. Arocha, Esq.

1900 NW Corporate Blvd., Suite 440E
Boca Raton, Florida 33431
Telephone: (561) 994-7310
Facsimile: (561) 994-7313